IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT NELSON,** | : | CIVIL ACTION NO. 1:15-CV-1696 |
| **Plaintiff** | : | (Chief Judge Conner) |
| v. | : | |
| **UNITED STATES,** *et al.*, | : | |
| **Defendants** | : | |

## **ORDER**

AND NOW, this 27th day of October, 2015, upon consideration of the report (Doc. 8) of Chief Magistrate Judge Martin C. Carlson, recommending the court dismiss plaintiff's *pro se* complaint (Doc. 1) as to Assistant United States Attorney Michael Consiglio ("defendant Consiglio") for failure to state a viable claim, see 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."), and following an independent review of the record, the court being in agreement with Judge Carlson that the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, does not contemplate claims against individual defendants, and it appearing that plaintiff did not object to the report, and that there is no clear error

on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that the failure to timely object "may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 8) of Chief Magistrate Judge Carlson is ADOPTED.

2. Plaintiff's complaint (Doc. 1) is DISMISSED with prejudice as to Assistant United States Attorney Michael Consiglio.

3. This matter is REMANDED to Chief Magistrate Judge Carlson for further pretrial management.

        /S/ CHRISTOPHER C. CONNER
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania

---

[1] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court reviews the Magistrate Judge's report in accordance with this Third Circuit directive.