IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT L. NELSON,** | : | Civil No. 1:15-CV-1696 |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES OF AMERICA,** | : | |
| **Defendant** | : | |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION AND STATEMENT OF THE CASE

This is an action brought by Robert L. Nelson, an inmate in the custody of the Federal Bureau of Prisons, currently housed at the Federal Correctional Institution at Gilmer in Glenville, West Virginia. Nelson was previously convicted of criminal offenses in the Middle District of Pennsylvania, and is presently serving a sentence that was imposed following his conviction.

Nelson initiated this action on September 1, 2015, requesting entry of an order requiring the United States to respond to two requests that Nelson had sent to the United States Attorney for the Middle District of Pennsylvania pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  (Doc. 1.)  In particular, it appears that Nelson requested that he be provided with certain telephone account information, attorney notes regarding interviews with confidential informants, and

other "*Brady* materials which the government had a duty to disclose but failed to disclose." In short, Nelson seeks documents that he believes were relevant to his criminal proceedings and conviction in the Middle District of Pennsylvania.[1] (*Id.*)

The United States has moved to dismiss this case, or in the alternative seeks summary judgment on Nelson's claims for relief under FOIA. (Doc. 18.) The United States has supported its motion with evidence showing that upon receipt of Nelson's FOIA request, the United States Attorney for the Middle District of Pennsylvania undertook a good-faith review of the files in which responsive materials might have been located, and found none existed. The United States has tendered the affidavit of a records custodian charged with responding to FOIA requests like those propounded by Nelson, and the records custodian has attested to the adequacy of the search that was undertaken, describing the steps that the office took in response, including by pulling relevant files and subjecting them to review by the Assistant United States Attorney who oversaw Nelson's investigation and prosecution, whereupon it was determined that no responsive documents existed in the office's possession. The United States notes that in such circumstances, FOIA compels a finding both that the court lacks subject-matter jurisdiction over Nelson's claims and, in any event, the undisputed adequacy of the United States Attorney's Office search in this matter compels judgment in the United States'

---

[1] These FOIA requests have been identified as FOIA Request Nos. 2015-00842 and 2015-01621 (referred to collectively as Nelson's "FOIA Requests").

favor on Nelson's speculative claims that he should have been provided more in response to his FOIA requests.  As will be discussed, Nelson does not respond persuasively or substantively to this assertion; instead, he speculates further that some of the information he sought might be in the files maintained by a different government agency to which he never directed his inquiry – an argument that does little other than to support the United States Attorney's assertion that it has adequately responded to the request that Nelson actually made.

For the following reasons, it will be recommended that the government's motion be granted, Nelson's claims be dismissed, and the case be marked closed.

## II.   DISCUSSION

The Supreme Court has recognized that the FOIA provides for a policy of broad disclosure of government records in order " 'to ensure an informed citizenry, vital to the functioning of a democratic society.' " *FBI v. Abramson*, 456 U.S. 615, 621 (1982) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)).  Accordingly, the FOIA requires federal agencies to make available any records requested of it by a person, provided that the request "reasonably describes such records." *Landano v. U.S. Dep't of Justice*, 956 F.2d 422, 425 (3d Cir. 1992) (quoting 5 U.S.C. § 552(a)(3)); *see also Am Civil Liberties Union of N.J. v. FBI*, 733 F.3d 526, 531 (3d Cir. 2013).  Because the purpose of the statute is "to facilitate public access to Government documents," the statute reflects "a general

philosophy of full agency disclosure." *Manna v. U.S. Dep't of Justice*, 51 F.3d 1158, 1163 (3d Cir. 1995) (internal quotation marks omitted). If any agency improperly withholds requested documents, a federal court may order production. *Id.*; *see also* 5 U.S.C. § 552(b)(7). Because "[t]he Act creates a presumption in favor of disclosure," the responding agency has the burden of demonstrating that a statutory exemption is applicable. *See Ferri v. Bell*, 645 F.2d 1213, 1221 (3d Cir. 1981).

Notably, federal courts only have jurisdiction over FOIA requests like those made in this case where a plaintiff shows that the agency improperly withheld agency records. *United States v. Tax Analysts*, 492 U.S. 136, 142 (citing *Kissinger v. Reporters Comm. For Freedom of the Press*, 445 U.S. 136, 150 (1980)). Unless each of these factors is met – namely, the (1) improper (2) withholding of (3) an agency record – a district court "lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements. *Tax Analysts*, 492 U.S. at 142; *Kissinger*, 445 U.S. at 150.

"An agency record is defined as material created or obtained by the agency, that is in the agency's control at the time the FOIA request is made." *Bartlett v. U.S. Dep't of Justice*, 867 F. Supp. 314, 316 (E.D. Pa. 1994) (citing *Tax Analysts*, 492 U.S. at 144-45). An agency has no obligation under FOIA to create records in response to a FOIA request. *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132. 161-62

(1975). An agency only withholds records under FOIA when it has custody of responsive documents and declines to release them. *Tax Analysts*, 492 U.S. at 149.

Thus, "[w]hen an agency has demonstrated that it has not 'withheld' requested records in violation of the standards established by Congress, the federal courts have no authority to order the production of such records under the FOIA." *Kissinger*, 445 U.S. at 150. An agency meets this burden under FOIA when it submits a "reasonably detailed affidavit" describing the method it used to search for responsive materials. *Roman*, 952 F. Supp. 2d at 173.

An agency's response to a FOIA request will not be presumed to be inadequate simply because it fails to find requested and responsive information. *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994) ("The question is not 'whether there might exists any other documents possibly responsive to the request, but rather whether the search for those documents was adequate. The adequacy of the search, in turn, is judged by a standard of reasonableness and depends, not surprisingly, upon the facts of each case. In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith.'") (quoting *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984).

The United States maintains that it has satisfied its obligation to search in good faith for the records Nelson requested, and it has submitted a detailed sworn

declaration to this effect from Jodi Matuszewski, a person within the Office of the United States Attorney for the Middle District of Pennsylvania assigned to process and investigate FOIA requests.  (Doc. 20, Ex., Declaration of Jodi Matuszewski ("Matuszewski Decl.")) In her declaration, Ms. Matuszewski attests that the United States Attorney's office uses a computerized docketing case management system known as CaseView to store and track civil, criminal and appellate investigations and cases brought by the office.  When a new file is opened, Ms. Matuszewski attests that docketing staff enters information relevant to the case or investigation into the CaseView database and assigns a United States Attorney's Office case number to the file.  (Matuszewski Decl. ¶ 11.)

Ms. Matuszewski declares that upon receipt of Nelson's FOIA Requests, she conducted a search of CaseView using the search terms that Nelson had provided in his FOIA Requests, and discovered a district court criminal file docketed within the Middle District of Pennsylvania No. 1:09-CR-211, and an appeal file docketed to the United States Court of Appeals for the Third Circuit No.13-3396.  (*Id.* ¶12.) Ms. Matuszewski attests that her review of these records revealed that Nelson's case files were assigned to Assistant United States Attorney Michael A. Consiglio. (*Id.*)

Mr. Consiglio was notified about the first FOIA Request on December 30, 2014.  Mr. Consiglio undertook a review of the relevant files and concluded that

6

there were no responsive records to Nelson's specific request. (*Id.* ¶13.) Likewise, Ms. Matuszewski notified Mr. Consiglio regarding the second FOIA Request on March 23, 2015, and a similar search was undertaken, which also yielded no responsive records. (*Id.* ¶14.) Ms. Matuszewski has attested that she is unaware of any other locations within the United States Attorney's office where other potentially responsive records are likely to be located, and she is unaware of any other method of conducting a search for responsive records aside from review of the CaseView system that have already been undertaken without responsive records having been identified. (*Id.* ¶ 16.)

Based on these sworn representations regarding the scope and manner of office's response to Nelson's FOIA Requests, and the sworn attestation that no responsive documents were discovered, the United States argues that the court lacks subject-matter jurisdiction to grant Nelson's requested relief, and argues further that the evidence demonstrates that the government is entitled to judgment in its favor on Nelson's claims since it does not have custody or control of responsive records, and therefore cannot be withholding them for FOIA purposes.

Nelson has responded to the government's motion and declaration, albeit obliquely and with little other than a general assertion that the search was inadequate because it did not extend to a search of files potentially maintained by the Drug Enforcement Agency and one of its agents who was tasked with Nelson's

7

investigation and eventual prosecution. (Doc. 23, pp. 7-8.) Nelson's response is not only pure speculation, but also makes clear that he misapprehends the scope of a government agency's obligations to respond to FOIA requests.

Aside from the fact that the detailed response of the United States Attorney's office and Ms. Matuszewski demonstrates that the office responded timely and adequately to Nelson's requests, and has represented that it has no responsive records to produce, Nelson's request would have the court impose upon the United States Attorney an obligation to search records of another federal agency. There is simply no authority for this type of judicial relief in this setting, where there has been no showing of an improper withholding of an agency record, and because the law is clear that agencies are not required to obtain or retrieve law enforcement records that are held by a separate federal office. *See Anderson v. U.S. Dep't of Justice*, 518 F. Supp. 2d 1, 10 (D.D.C. 2007) (agency not required to retain or retrieve documents); *Steinberg v. U.S. Dep't of Justice*, 801 F. Supp. 800, 802 (D.D.C. 1992) (agency not obligated to retrieve law enforcement records).

Thus, to the extent that Nelson now believes that another federal agency may have custody of documents potentially responsive to his FOIA requests, he should address a FOIA request to that agency. However, there is no authority for this court to order the United States Attorney's office to do more than it has already represented under oath that it has done, and there is likewise no authority to order

that office to retrieve records from a separate law enforcement agency and review them in order to respond further to Nelson's requests.

## III. RECOMMENDATION

As noted above, a federal district court has jurisdiction to compel an agency's response to a FOIA request where the agency has improperly withheld responsive agency records in the agency's possession. In this case, Nelson directed two FOIA requests to the United States Attorney for the Middle District of Pennsylvania. The record reveals that the United States Attorney's office promptly reviewed its records to identify potential locations where responsive documents might be maintained; it assigned the Assistant United States Attorney in charge of Nelson's investigation to review those files together with Nelson's request; and the United States Attorney's office has represented in a reasonably detailed affidavit that it has no responsive records to produce. The court therefore lacks jurisdiction to order any further relief, and the undisputed record establishes that the United States has met its obligations under FOIA in response to Nelson's inquiry.

For these reasons IT IS RECOMMENDED THAT the court grant the United States' motion to dismiss or for summary judgment (Doc. 18) and close the case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 8th day of April, 2016.

/s/ Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge